UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
BRUCE CHARLES ZWELSKY,

                Plaintiff,

   -against-

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:21-cv-05823-FB

Appearances:
*For the Plaintiff*:
DANIEL A. OSBORN, ESQ.
Osborn Law, P.C.
43 West 43rd Street, Suite 131
New York, New York 10036

*For the Defendant*:
BREON PEACE
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
BY: ANGELA THORNTON-MILLARD
Special Assistant U.S. Attorney
Eastern District of New York

**BLOCK, Senior District Judge:**

    Bruce Zwelsky ("Zwelsky") seeks review of the final decision of the Commissioner of Social Security denying his application for Social Security Disability ("SSD") benefits. For the following reasons, Zwelsky's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

1

I.

On January 7, 2016, Zwelsky applied for disability insurance benefits ("DIB"). He alleged disability as of May 7, 2015, due to herniated discs and psoriatic arthritis. After a hearing, an administrative law judge ("ALJ") issued a decision on June 29, 2018 finding Zwelsky not disabled. Following an appeal to the district court, on November 16, 2020, Zwelsky's case was remanded for further proceedings based on a voluntary stipulation of the parties. After a second administrative hearing, an ALJ again on August 11, 2021 found Zwelsky not disabled. Under 42 U.S.C. § 405(g), this decision became the final decision of the Commissioner 60 days later. This appeal followed.

II.

In reviewing a final decision of the Commissioner, a district court must "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). District courts will overturn an ALJ's decision only if the ALJ applied an incorrect legal standard or the ruling was not supported by substantial evidence. *Id.* at 91 (citing *Talavera v. Astrue*, 697 F.3d 145, 151

(2d Cir. 2012)). "'[S]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### III.

Remand is warranted here because the ALJ violated the treating physician rule by affording too little weight to the opinion of Zwelsky's treating physician, Dr. Robert Marcus ("Dr. Marcus").[1] This error was compounded by the ALJ's substitution of her own judgement of Zwelsky's condition for that of a medical professional. Because the ALJ reached a conclusion based on legal error, remand is appropriate.

The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given "'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence

---

[1] The treating physician rule was repealed in March 2017. 20 C.F.R. §§ 404.1520c. However, the rule still applies to cases in which applications for DIB were filed prior to March 27, 2017, as is the case here. 20 C.F.R. §§ 404.1527; *see Rucker*, 48 F.4th at n.2 (2d Cir. 2022) (explaining that the treating physician rule applies to applications filed prior to March 27, 2017, and a separate rule for determining the credibility of medical sources' opinions governs applications filed on or after this date).

3

in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). In deciding whether the ALJ gave appropriate weight to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019). At step one, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* at 95. At step two, "if the ALJ decides the opinion is not entitled to controlling weight, [he or she] must determine how much weight, if any, to give it" and must "explicitly consider" the four nonexclusive *Burgess* factors:

> (1) the frequen[cy], length, nature, and extent of treatment;
> (2) the amount of medical evidence supporting the opinion;
> (3) the consistency of the opinion with the remaining medical evidence; and
> (4) whether the physician is a specialist.

*Estrella*, 925 F.3d at 95-96 (quoting *Selian*, 708 F.3d at 418).

Here, the ALJ assigned little weight to the opinion of Dr. Marcus, a rheumatologist who treated Zwelsky from 2006 through 2018. Dr. Marcus opined that Zwelsky cannot sit for more than 4 hours total, stand or walk for more than an hour total during an 8-hour workday, or sit continuously in a work setting. He also opined that Zwelsky must get up every 20 minutes, move around for more than 15 minutes at a time before sitting down again, and that he could not stand or walk continuously in a work setting. Dr. Marcus also believed

4

that Zwelsky should refrain from lifting and carrying more than 20 pounds occasionally and should lift no more than 10 pounds frequently. Further, he determined that Zwelsky experiences pain and other symptoms severe enough to periodically interfere with his attention and concentration, that Zwelsky will need additional unscheduled breaks throughout the day, putting him significantly off-task, will likely be absent more than three times a month, and cannot push, pull, kneel, bend or stoop. Dr. Marcus also opined that Zwelsky's limitations date back to 2015.

     Nevertheless, the ALJ concluded that Dr. Marcus's opinion was entitled to less weight due to its inconsistency with medical evidence, Zwelsky's positive response to epidural steroid injections, and his periodic noncompliance with medication. The ALJ also used Zwelsky's participation in activities of daily living, such as moving to and from Florida, his ability to care for his personal needs without assistance, driving, and using a computer to undermine the weight provided to Dr. Marcus's opinion.

     However, this reasoning contains legal error. For one, the ALJ failed to explicitly apply the *Burgess* factors laid out in the *Estrella* framework. Since the ALJ found that Dr. Marcus's opinion was not entitled to controlling weight, he was obligated to explicitly consider his reasoning under the four *Burgess* factors.

Instead, the ALJ resigned his reasoning to justifications outside of this framework. This constitutes "procedural error." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019). If the "Commissioner has not [otherwise] provided 'good reasons' for [the] weight assignment," the appropriate remedy is remand for the ALJ to "comprehensively set forth [his] reasons." *Id.*; *see also Guerra v. Saul*, 778 Fed. Appx. 75, 77 (2d Cir. 2019). Remand here is appropriate so that the *Burgess* factors may be given due consideration.

Moreover, evidence of Zwelsky participating in daily activities does not necessarily support a conclusion that he is not disabled. *See Murdaugh v. Sec. of Dep't of HHS of U.S.*, 837 F.2d 99, 102 (2d Cir 1988) (merely because the plaintiff "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" in proving a disability). There are no elements inherent to these activities that would show that Zwelsky could maintain employment. *See also Polidoro v. Apfel*, 1999 WL 203350, at *8 (S.D.N.Y. April 12, 1999) ("A claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that the claimant engaged in those activities for sustained periods of time comparable to those required to hold a ... job.").

## IV.

For the aforementioned reasons, Zwelsky's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with the Memorandum and Order.

**SO ORDERED.**

                                                           _/S/ Frederic Block_____
                                                           FREDERIC BLOCK
                                                           Senior United States District Judge

Brooklyn, New York
April 21, 2023